FIDELITY UNION TRUST COMPANY AND MELVIN SPENCER, EXECUTORS OF THE ESTATE OF GEORGE FRINCK SPENCER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72236. Promulgated September 14, 1934.

*John A. Conlin*, *C.P.A.*, for the petitioners.
*W. F. Gibbs*, *Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has included in decedent's estate the value of trust property, the transfer of which he has held was one to take effect at death, and thereby determined a deficiency in estate tax in the amount of $847.83. This inclusion is alleged as error. There is no issue as to the value of the property. The facts were stipulated.

By instrument of December 4, 1923, set forth in full in the stipulation, the decedent transferred certain securities to the Fidelity Union Trust Co. of Newark, New Jersey, in trust to pay the income to him for life, and upon his death to pay from the principal $25,000 to his daughter, Glena S. Roberts, and a like sum to his son, Melvin Spencer, and to add the balance of the principal in equal parts to trusts theretofore created by decedent for said daughter and son. It was further provided that, if either child should predecease the grantor, one half of the trust property should be paid to the grantor's executor or administrator to be distributed as part of his estate, or,

if both predeceased him, the entire principal of the trust was to go to his executor or administrator for distribution as part of his estate. The grantor reserved the right to be consulted before any change in the investments constituting the principal of the trust. The trust instrument does not contain any provision reserving to the grantor power to alter, amend, or revoke the trust. Both of the grantor's children were living at the time of his death on February 25, 1931.

Upon authority of decided cases we hold that under the trust instrument above described there was a completed transfer of the trust property at December 4, 1923, and not one to take effect at or after death; that the grantor's children took vested interests in the property by virtue of the trust deed; and that there was no transfer at death upon which an estate tax may be levied under either subsection (a) or (c) of section 302 of the Revenue Act of 1926. See *McCormick* v. *Burnet*, 283 U.S. 784; *Elizabeth B. Wallace, Executrix*, 27 B.T.A. 902; *Flora M. Bonney et al., Executrices*, 29 B.T.A. 45. The present case is more favorable to petitioners than those cited. In the cited cases there were provisions for reversion to the grantors if they survived the beneficiaries. Here there is no provision for a direct reversion.

*Decision will be entered for the petitioners.*